**Mary SALYERS, Evelyn Reed, and Emil Trent, on Behalf of Themselves and All Other Persons Similarly Situated, Plaintiffs-Appellants,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.**

No. 85–5237.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 4, 1985.

Decided Aug. 20, 1986.

Thomas Yates, William B. Mains (argued), Northeast Kentucky Legal Services, Inc., Morehead, Ky., for plaintiffs-appellants.

Louis DeFalaise, U.S. Atty., Lexington, Ky., Mary Beth McNamara, Office of the General Counsel, Baltimore, Md., Robert S. Greenspan, Mark B. Stern (argued), Civil Div./Appellant Staff, Washington, D.C., for defendant-appellee.

Before ENGEL, KRUPANSKY and MIL-BURN, Circuit Judges.

KRUPANSKY, Circuit Judge.

The plaintiffs Mary Salyers, Evelyn Reed, and Emil Trent (collectively, the plaintiffs) appealed from the district court's denial of their motions for a preliminary injunction and for certification of a plaintiff class in this action to review the denial of social security disability benefits.[1]

The record disclosed the following facts. The Secretary of Health and Human Services (the Secretary) employed a five step sequential evaluation process in determining whether a particular applicant for benefits is disabled within the meaning of the Social Security Act and the pertinent regulations.[2] In relevant part, those regula-

---

**1.** The instant appeal has previously been the subject of an unpublished opinion by this panel. *Salyers v. Secretary of HHS,* 791 F.2d 935 (6th Cir.1986). In that opinion, the court remanded the case to the district court for entry of an order denying a preliminary injunction and class certification upon a separate document in conformity with Rule 58, Fed.R.Civ.P., and retained jurisdiction of the appeal pending completion of that action.

**2.** The Supreme Court has recently described the sequential process:

The first step determines whether the claimant is engaged in "substantial gainful activity." If he is, benefits are denied. 20 C.F.R. §§ 404.1520(a), (b), 416.920(a), (b) (1985). If

he is not engaged in such activity, the process moves to the second step, which decides whether the claimant's condition or impairment is "severe,"—*i.e.* one that significantly limits his physical or mental ability to do basic work activities. If the impairment is not severe, benefits are denied. §§ 404.-1520(c), 416.920(c). If the impairment is severe, the third step determines whether the claimant's impairments meet or equal those set forth in the "Listing of Impairments" (listings) contained in subpart P, appendix 1, of the regulations, 20 CFR §§ 404.1520(d), 416.-920(d). The listings consist of specified impairments acknowledged by the Secretary to be of sufficient severity to preclude gainful

tions require that a claimant must manifest a severe impairment, i.e., one that significantly limits his ability to perform basic work activities, prior to the agency's consideration of other vocational factors such as age, education, and previous work experience. 20 C.F.R. §§ 404.1520(c); 416.920(c).[3] Each of the named plaintiffs in the instant matter was denied benefits at the second stage of the administrative analysis upon a finding that their respective impairments were not severe, without consideration by the agency of other vocational factors.[4] Each exhausted his administrative remedies without success.

The plaintiffs on April 20, 1984 filed the instant suit in federal district court. The plaintiffs sought judicial review of their respective individual determinations and additionally challenged 20 C.F.R. § 404.1520(c) and its application as overly stringent and inconsistent with the Social Security Act inasmuch as the agency had purportedly denied benefits to individuals who manifested medically determinable impairments rendering them unable to engage in substantial gainful activity without consideration of the other vocational factors such as age, education, and prior work experience enumerated in the statute. The plaintiffs in their complaint sought to represent

all SSDI [social security disability insurance] and SSI [supplemental security income] claimants residing in the Commonwealth of Kentucky who have or have had applications for disability benefits and who are or have been denied pursuant to the policy set forth in 20 C.F.R. §§ 404.1520(c), .1521 and .1522, 416.920(c), .921 and .922, and Social Security Ruling 82–55, on the basis that they do not have a "severe" impairment; and all recipients of such benefits who are making or have made claims for continued benefits, and whose benefits are being or have been terminated pursuant to the same policies.

The plaintiffs requested that the district court declare that the refusal of the agency to consider other vocational factors where it found that a claimant's impairment was not severe contravened the Social Security Act and further sought to enjoin the Secretary from denying benefits on the basis of the regulation in question. An examination of the plaintiffs' complaint disclosed that, although the potential scope of the proposed class included certain individuals in Kentucky whose claims for benefits had been previously denied or their benefits terminated by application of 20 C.F.R. § 404.1520(c) as implemented by the Secretary, the injunctive relief actually requested by the plaintiffs in their complaint was framed exclusively in *prospective* terms.[5]

---

employment. If a claimant's condition meets or equals the listed impairments, he is conclusively presumed to be disabled and entitled to benefits. If the claimant's impairments are not listed, the process moves to the fourth step, which assesses the individual's "residual functional capacity" (RFC); this assessment measures the claimant's capacity to engage in basic work activities. If the claimant's RFC permits him to perform his prior work, benefits are denied. §§ 404.1520(e), 416.920(e). If the claimant is not capable of doing his past work, a decision is made under the fifth and final step whether, in light of his RFC, age, education, and work experience, he has the capacity to perform other work. §§ 404.1520(f), 416.920(f). If he does not, benefits are awarded.

*Bowen v. City of New York,* — U.S. —, 106 S.Ct. 2022, 2025, 90 L.Ed.2d 462 (1986) (footnote omitted).

**3.** 20 C.F.R. § 404.1520(c) provides as follows:

(c) *You must have a severe impairment.* If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education, and work experience. However, it is possible for you to have a period of disability for a time in the past even though you do not have a severe impairment.

*See also* 20 C.F.R. § 416.920(c) (supplemental security income). A particular Social Security Ruling, SSR 82–55, additionally outlines examples of medical impairments that are not considered severe pursuant to the regulations.

**4.** The merits of the individual cases of the named plaintiffs are not before this court on appeal.

**5.** The plaintiffs' complaint requested the district court to:

On August 9, 1984, the plaintiffs moved the district court to certify the proposed class. On August 13, 1984, the plaintiffs filed a motion for a preliminary injunction, requesting that the district court enjoin the Secretary from applying the regulation to all claims currently pending in Kentucky. On August 14, 1984, the Secretary filed a motion to dismiss the plaintiffs' suit on the basis that, *inter alia*, the district court lacked subject matter jurisdiction over the class action inasmuch as the proposed class included individuals who had not presented claims for benefits to the agency, individuals who had not administratively exhausted their claims, as well as individuals who had failed to file appeals from the agency's denial of benefits in federal district court within 60 days of notice of the final decision of the Secretary regarding their respective claims. The plaintiffs in response on August 28, 1984 redefined their proposed class to include the following individuals:

1. Those presently with claims before the Secretary, but who have not received an initial determination;

2. Those presently with claims before the Secretary who have had their claims denied on the basis they do not have a severe impairment, and who have administratively appealed their claims; or who have received an initial determination less than 65 days before April 20, 1984, the date this action was filed; and,

3. Those who have received a "final decision" from the Secretary denying their claims on the basis they do not have a severe impairment, and who have either appealed to the United States District Court, or who have received their decision less than 65 days before April 20, 1984, the date this action was filed.[6]

The plaintiffs subsequently filed supplemental memoranda in support of their motion for class certification and preliminary injunction.

On November 13, 1984, the district court denied the plaintiffs' motions for class certification and preliminary injunctive relief. With respect to class certification, the lower court noted that the claims of the various class members would necessitate individualized examination thereby defeating any justification for class certification. Additionally, the district court concluded that class certification under the prevailing circumstances would adversely affect the claims of numerous class members by denying class plaintiffs expeditious review of their individual claims. The district court also overruled the plaintiffs' motion for reconsideration. The plaintiffs appealed to this court the denial of preliminary injunctive relief and class certification.[7] Both the district court and a panel of this court denied the plaintiffs' motions for injunctive relief and conditional class certification pending appeal. *Salyers v. Secretary of Health and Human Services*, No. 85–5237, order (6th Cir. June 12, 1985).

Subsequent to the plaintiffs' notice of appeal, this circuit has considered the Secretary's implementation of 20 C.F.R. § 404.1520(c) as that issue has been joined herein in a tandem of decisions. *See Farris v. Secretary of Health and Human Services*, 773 F.2d 85 (6th Cir.1985); *Salmi*

---

(d) Enter injunctive relief enjoining the Defendant from denying or terminating SSDI and/or SSI benefits to class members by application of the regulatory policy of refusing to consider vocational factors and residual capacities and from enforcing 20 C.F.R. §§ 404.1520(c), .1521, .1522, 416.920(c), .921, .922, and SSR 82–55 (1982) insofar as they require application of this policy;

6. The plaintiffs employed the 65 day figure to reflect a total of 60 days to appeal with 5 days credit for mailing of notice of the particular decision.

7. This panel's prior unpublished decision involved the timeliness of the plaintiffs' appeal from the district court's November 1984 order denying a preliminary injunction, which failed to comply with the separate order requirement of Fed.R.Civ.P. 58. This court remanded the case to the district court for entry of a proper order and retained jurisdiction. Accordingly, the plaintiffs' appeal, having been returned to this court from the district court, was timely filed.

*v. Secretary of Health and Human Services,* 774 F.2d 685 (6th Cir.1985). In *Farris* and *Salmi,* this circuit concluded that, although the Secretary's regulations do not conflict with the statutory mandate of the Social Security Act in light of the Social Security Disability Benefits Reform Act of 1984, those regulations must be interpreted as directing that an impairment qualifies as nonsevere only if, regardless of a claimant's age, education, or work experience, the impairment would not affect the claimant's ability to work. *Farris,* 773 F.2d at 89–90; *Salmi,* 774 F.2d at 691–92. Additionally, the Secretary at approximately the same time issued an interpretive ruling, SSR 85–28, in which the agency clarified its implementation of 20 C.F.R. § 404.1520(c) in light of several court decisions. The ruling emphasized that an impairment was to be found not severe only when medical evidence established a slight abnormality or combination thereof which would have no more than a minimal effect on a claimant's ability to work even if the individual's age, education, or work experience were specifically considered.

■ It is obvious at the outset that these intervening judicial and administrative developments have substantially altered the stance of the instant litigation. The appropriate inquiry, therefore, is whether the changes in the factual circumstances that prevailed at the commencement of the litigation have mooted the plaintiffs' claims. *See* 13A Wright, Miller & Cooper, Federal Practice and Procedure § 3533.3 (1984). An examination of the record disclosed that the very reasons that prompted the plaintiffs' action for declaratory and injunctive relief on a class-wide basis have now been resolved. This circuit has not interpreted 20 C.F.R. § 404.1520(c) in *Farris* and *Salmi,* which interpretation is dispositive of the plaintiffs' request for declaratory relief. *Cf. Michigan State Chamber of Commerce v. Austin,* 788 F.2d 1178, 1182 (6th Cir.1986) (changing circumstances may moot a request for declaratory relief).

Moreover, it is clear that, at the very least, the plaintiffs' claims for *prospective* injunctive relief on behalf of the putative class have been mooted in light of both this circuit's decisions and the agency's independent actions. *See Banas v. Dempsey,* 742 F.2d 277, 281 (6th Cir.1984) (change in federal law while action pending rendered moot plaintiffs' request for injunctive relief to prevent defendant from enforcing allegedly unconstitutional state practices), *aff'd, Green v. Mansour,* —— U.S. ——, 106 S.Ct. 423, 88 L.Ed.2d 371 (1985).

■ The only remaining issue, therefore, is whether the plaintiffs have joined claims for *retrospective* relief that might nevertheless justify class certification and further consideration by this court. A review of the plaintiffs' complaint disclosed a request for purely *prospective* relief in requesting the district court to enjoin the Secretary from denying or terminating benefits of class members pursuant to the regulation in question. Nothing in the plaintiffs' subsequent motions for preliminary injunction or for class certification detracted from this prospective characterization of the requested relief.[8] Accordingly, this court concludes that the current posture of this case is such that the plaintiffs' requests for class declaratory and injunctive relief are now moot in light of intervening developments. *See County of Los Angeles v. Davis,* 440 U.S. 625, 631, 99 S.Ct. 1379, 1383, 59 L.Ed.2d 642 (1979). This result dictates that this court need not explore the remaining issues raised by the parties on appeal.

Based upon the foregoing and in view of this circuit's decisions in *Farris* and *Salmi,* the plaintiffs' appeal from the district court's order denying preliminary injunctive relief and class certification is hereby DISMISSED.

---

8. The court notes that the named plaintiffs in their individual capacities did move the district court for interim benefits, which were denied.

However, the claims of the individuals in this regard, as opposed to the claims for class relief, are not involved in this appeal.